## JOHN PORTER ET AL.

### v.

## NELLIE A. ROBERTSON.

*Agency—Attorney and Client—Contingent Fee—Evidence.*

1. Evidence going to show what occurred at a certain interview between an attorney and a person assumed to have been acting for another, is inadmissible to bind the latter in the absence of proof of authority to act.

2. Agency may be shown by the testimony of the agent, by a course of conduct or dealings on his part that will justify the presumption that he has authority to act, or by words or acts of the principal, importing ratification.

[Opinion filed July 1, 1889.]

APPEAL from the County Court of Warren County; the Hon. P. H. SANFORD, Judge, presiding.

Messrs. PORTER & McDILL, *pro se.*

Mr. WILLIAM C. NORCROSS, for appellee.

C. B. SMITH, J. This was a suit begun below before a justice of the peace by appellee against appellants to recover a sum not exceeding $200. The plaintiff recovered a judgment against defendants before a justice for $100, and the case was appealed to the County Court by appellants, and another trial there had resulting in a verdict and judgment for appellee for $60, and appellants now prosecute their further appeal to this court, and assign various errors on the records and ask for a reversal of the judgment. The facts are few and simple and appear to be about as follows:

Nellie Robertson seems to have inherited quite a considerable estate from her grandfather and grandmother, and during her minority her father, J. W. Robertson, was appointed her guardian, and received at different times large sums of money which he neglected to pay to his daughter. After she became of age she desired her father to settle with her and pay her what was due, but he failed to do so from one pretext or another, and it became necessary to enforce payment. At this state of the proceedings James W. Morgan, the uncle of Nellie Robertson, seems to have interested himself for his niece, and called upon appellants, who were a firm of practicing lawyers, and consulted with them about Nellie's claim against her father. Afterward James W. Morgan and his niece, Nellie Robertson, called together at the office of appellants and had a further consultation about the matter resulting in arrangements that one of appellants and appellee should visit her father, and see if an adjustment could not be reached and the matter settled and paid. This visit was had, resulting in a promise from appellee's father to pay her all that was claimed to be due her, $1,560.60, which he afterward did. The proof is that appellants spent considerable time and

labor in finding out how much money was due appellee before calling on appellee's father for an adjustment. They also commenced suit against James W. Robertson and his surety to the May term, but filed no declaration, thinking it safer to get the money without trial or notoriety if they could.

The money was all paid to appellants substantially as James W. Robertson had agreed to pay it, and at the time he agreed to pay it, without necessity for further legal proceedings, amounting in all to $1,560.60. Appellants paid it all to appellee except $200, which they retained claiming that it was the amount due them for fees under a contract they had made at the beginning of the transaction with James W. Morgan, the uncle of appellee, for a contingent fee. Appellee denied their right to retain so much for their services, and sued them to recover the balance above what should be determined to be a reasonable fee for the services. Appellants claimed on the trial that a special contract for a contingent fee had been entered into between James W. Morgan, acting for appellee, when he came to consult them about the case, and themselves, by the tenor of which they were entitled to retain the $200; and they offered to prove the contract by proving what was said between said Morgan and themselves at the time, it is claimed the contract was made. Appellee objected to this testimony because there was no proof of any agency on the part of Morgan to make any contract for appellee in her absence, and the court sustained the objection and excluded the offered evidence, and the propriety of this ruling is the only question argued or relied on before us for a reversal of the judgment. Appellants offered no evidence to show that Morgan had any authority either expressed or implied to bind appellee by any such contract. They simply offered to prove what Morgan said in the absence of appellee to them about the case, and as to what their fees should be. There was no proof nor offer to prove that Morgan had any authority to contract with them. It is familiar rule that, before the declarations of one claimed to be an agent can be admitted, there must be proof of his agency, either by direct proof of the fact, or by proof of such facts or course of dealing as will

justify the inference that an agency exists, and this proof is first for the court. Whiteside v. Margarel, 51 Ill. 508; Proctor v. Tows, 115 Ill. 138.

The foregoing rule is so familiar and universal that it is hardly necessary to multiply authorities in its support. The agency may be proven by the agent himself if he will testify to his employment, or to such a course of conduct or dealings as will justify the presumption of the agent's authority to act and bind his principal, or it may be proven by acts or words of ratification by the principal. But there is no proof of any kind in this record that Morgan was authorized to make this contract for appellee; but the only proof there is in the record is from appellee herself, who swears she gave Morgan no authority to make such contract and that she never knew or heard he had made any such contract. James W. Morgan, with whom it is claimed the contract was made, was in the court when the case was tried and might have been called to prove his agency if any existed, but plaintiff did not call him. He testified for defendant on another point but was not asked concerning his agency. We think the court properly excluded the testimony and left the case to be tried upon proof of what was a reasonable attorney's fee.

We are satisfied with the verdict and judgment, and fail to find any error in the record.

The judgment is affirmed.

*Judgment affirmed.*